UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
BARBARA J. ZINNAMON,

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

Plaintiff,

MEMORANDUM
AND ORDER

-against-

T-MOBILE,

09-CV-3273 (ARR)

Defendant.
------------------------------------X
ROSS, United States District Judge:

On July 16, 2009, plaintiff Barbara J. Zinnamon,[1] filed this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA") against T-Mobile. The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order, dismisses the complaint in part and directs plaintiff to file an amended complaint as set forth below.

## BACKGROUND

Plaintiff alleges that she "requested a job via email and was refused. However, I had two cellular phones and the company broke the contract and tried to have me pay the disconnection fee of $400.00. Therefore under complaint section of 7/6/2009 I am filing discrimination." Compl. at 4, ¶ 8. Plaintiff indicates that the allegedly discriminatory acts occurred on May 18, 2004. Compl. at 3, ¶ 5. Plaintiff further alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 18, 2009, and received a right to sue

---

[1] Plaintiff has filed numerous employment discrimination actions in this court. See Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR); Zinnamon v. Outstanding Bus Co, No. 08-CV-1787 (ARR); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR); Zinnamon v. NYC Dep't of Educ., No. 08-CV-1399 (ARR); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR).

notice on June 26, 2009. Id. at 4-5.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Because plaintiff is proceeding *pro se*, her papers must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### A. Employment Discrimination Claims

Plaintiff marks on the Eastern District of New York's employment discrimination complaint form the Title VII, ADEA and ADA entries for employment discrimination, see Compl. at 1, but fails to provide any facts to support a claim under these statutes. First, plaintiff fails to show that the alleged discriminatory conduct was based on race, color, gender, religion, or disability. Id. at 4, ¶ 8. Instead, plaintiff merely alleges that defendant refused to hire her after she "requested a job via email." Compl. at 4, ¶ 8. Plaintiff does not allege how this conduct amounts to discrimination pursuant to Title VII, the ADEA or the ADA. Indeed, the EEOC Right to Sue Letter informed plaintiff that the "facts alleged in [her] charge fail to state a claim under any of the statutes enforced by the EEOC." Compl. at Unmarked Attachment dated June 26, 2009.

B. <u>Cellular Phone Disconnection Fee Claim</u>

To the extent plaintiff seeks to sue defendant T-Mobile to recover a "disconnection fee of $400.00," Compl. at 4, ¶ 8, that claim is dismissed for lack of subject matter jurisdiction. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332, federal-question jurisdiction and diversity of citizenship jurisdiction respectively. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction, on the other hand, when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513 (2006) (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 681-685 (1946)). Here, plaintiff's disagreement with defendant T-Mobile over whether she is subject to a disconnection fee of $400 does not implicate the court's federal question or diversity jurisdiction. And "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). Moreover, federal courts, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999); <u>Wynn v. AC Rochester</u>, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff's claim concerning the alleged $400 disconnection fee is dismissed for lack of subject matter jurisdiction.

## LEAVE TO AMEND

In light of plaintiff's *pro se* status, the court directs plaintiff to file an amended complaint which must include a short plain statement showing that she is entitled to relief under Title VII, the ADEA or the ADA. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002).

## CONCLUSION

Accordingly, the complaint filed against defendant T-Mobile based on the alleged $400 disconnection fee is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The court directs plaintiff to file an amended complaint as set forth above. The amended complaint must be filed within 30 days from the date of this order. It must be titled "AMENDED COMPLAINT" and must bear the same docket number as this order, 09-CV-3273 (ARR). Plaintiff shall not use the court's employment discrimination complaint form if it is not applicable to her claim(s). No summons shall issue at this time and all proceedings shall be stayed for 30 days or until plaintiff has complied with this order. If plaintiff fails to file an amended complaint within the time allowed or the amended complaint fails to comply with this order because it fails to plead any facts to support her employment discrimination claims, the case will be dismissed and judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
August 5, 2009